FILED

Thomas A. Jenkins, Carole Jenkins,
Thomas J. Jenkins
11429 Via Rio
Loma Linda, CA 92354
By Special Appearance

Defendants

2023 JUN 16  AM 10: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY: _____

# UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

ED CV 23 - 01150 -AB(SP)

RYAN STRILAEFF,
DYONNE STRILAEFF,

      Plaintiff,

      vs.

Thomas A. Jenkins, Carole Jenkins,
Thomas J. Jenkins, Does 1 to 10,

      Defendants.

Case No.:
Case No.: **LLTVA 2301999**

**NOTICE OF REMOVAL TO
FEDERAL COURT PURSUANT TO
[28 USC § 1331 AND 15 U.S.C.
1692k(d)]**

## DEFENDANTS' NOTICE OF REMOVAL

### TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLESE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

United States District Court for the Eastern District of California.

1. Defendant, Thomas A. Jenkins, herein gives Notice that, pursuant to 28 U.S.C. §§28 USC

§ 1331 AND 15 U.S.C. 1692k(d) He removed this case to the United States District Court for

the Eastern District of California, on grounds that the Defendant's federally secured rights

guaranteed by 42 U.S.C. §§§1981, 1982 and 1983 the First, Fifth, Seventh, Ninth, and

Fourteenth Amendments to the constitution are being directly and systematically impaired and

infringed by unconstitutional statutory laws and customs, practices, and policies having the force and effect of law in the State of California.

The Fifth Amendment (Amendment V) to the United States Constitution, which is part of the Bill of Rights, protects against abuse of government authority in a legal procedure. Its guarantees stem from English common law which traces back to Magna Carta 1215. For instance, grand juries and the phrase *due process* (also found in the14th Amendment) both trace their origin to Magna Carta.

2.    The Fifth Amendment is very clear; "No person shall be deprived of life, liberty, or property, without due process of law".

3.    The Alleged Plaintiff has filed a false claim before the state court using the statutory laws that governing evictions. (see Plaintiff's Complaint Exhibit 1)

4.    The first date which Defendant became aware of removal jurisdiction was on June 10, 2023.

5.    Defendant was forced to respond to the purported Unlawful Detainer complaint to prevent entry of a default judgment and does not submit to the jurisdiction of the state Court, and defendant has suffered economic damages including but not limited to severe emotional distress and large economic damages including but not limited to work loss and filing fees and costs. (See Demurrer Exhibit 2)

6.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

### Diversity of Citizenship

10. In determining whether diversity exists, the Court considers the citizenship of all properly joined parties.  28 U.S.C. § 1441(b).

This requirement is met here, as the named plaintiff is citizen of different states for purposes of diversity jurisdiction.

11. Upon the filing of plaintiffs' Complaint in the State Court, there was diversity under 28 U.S.C. § 1332(a)(1).  The Complaint identifies Defendants **Thomas A. Jenkins, Carole Jenkins, Thomas J. Jenkins, Does 1 to 10** with address 11429 Via Rio, Loma Linda, CA 92354, "as a citizen and residents of San Bernardino County, California" for purposes of diversity of citizenship under 28 U.S.C. § 1332, Defendant is a citizen of the State of California.

12. **RYAN STRILAEFF, DYONNE STRILAEFF are** citizens of unknown origin

### WELL PLEADED COMPLAINT RULE

14. Here the District Courts look to the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

15. Defendant provided Plaintiff's complaint filed in the state court. (refer to Plaintiff's Complaint Exhibit 1)

16. On or around April 12, 2023 Plaintiff brought an action in the State Superior Court for Unlawful Detainer pursuant to 1161.

17. Plaintiff's complaint could never meet the well-plead complaint rule as it is devoid of all the elements of a statutory compliance and not properly plead. (verified)

18. The State court being aware of the statutory laws decided to turn a blind eye to the statutes, laws and constitution that govern Defendant's rights of due process and allowed an improper form to be used to take the property.

19. Here, Defendant's demurrer clearly failed to comply with the strict statutory requirements.

## EXEMPTION TO THE WELL-PLEADED COMPLAINT RULE

20. Accordingly 28 U.S.C. §1443 constitutes an expressly authorized, in fact, specially mandated, exemption to the "well-pleaded complaint rule" and U.S. District Judges making such analyses and comparisons have plainly erred in confusing the two forms of removal in their prior opinions, even in relationship to the present Defendants' removal, which Defendants pray that this U.S. District Court will not repeat in the disposition of the present case. Compare, for example, ***McCullough v. Ligon***, 430 F. Supp. 2d 846, 850 (E.D. Ark. 2006); ***Neal v. Wilson***, **112 F.3d 351, 355 (8th Cir. 1997).**

21. **Unlike the Defendant in *Neal v. Wilson***, Defendant Thomas A. Jenkins can and will at trial "show that Plaintiff used the state statutes preventing him from raising his federal claims in state court, [and] further [he] has shown the basis for an "equally firm prediction" that [he] will be unable to protect his federal 14th amended rights in state court." 112 F.3d at 855.

22. The court will deny Defendant's due process rights, his equal access, equal protection, and my civil rights.

23. The court will make its determination on hearsay statements made in the complaint by person(s) that have not appeared before the court to testify.

24. The state court completely ignores the subject matter jurisdiction.

## COURTS OF LIMITED OR INFERIOR JURISDICTION ACQUIRE JURISDICTION ONLY FROM SUFFICIENT PLEADINGS

25. Reviewing the relevant case law with regards to the instant unlawful detainer action assists us in piecing together the requirements for jurisdiction. First, courts of limited/inferior jurisdiction have no inherent judicial power and acquire jurisdiction only from sufficient pleadings (Doll v. Feller, 16 Cal. 432.)

7. A court has jurisdiction to determine if it has jurisdiction (Abelleira v District Court of Appeal, 17 C2d 280, 109 P2d 942.). The controlling statute for invoking an unlawful detainer court is Code Civ. Proc., §1166(a), which reads in pertinent part, "The complaint shall:

26. (1) Be verified...;

27. This Initial Pleading was filed in a County and State where THOMAS A. JENKINS is a person belonging to a class (of defendants of wrongful eviction actions predicated on their status as victims of wrongful eviction) who are denied and cannot enforce in the courts of San Bernardino County, California, his right as an Asian descent to equal civil rights of all citizens of the United States, including but not limited to 42 U.S.C. §§1981-82, actionable under 42 U.S.C. §§1983 and 1988(a).

## NEED AND PROPRIETY OF EVIDENTIARY HEARING

28. *Dombrowski v. Pfister, Younger v. Harris, and Mitchum v. Foster* together constitute one continuous jurisprudential statement regarding the boundaries of Federal Judicial Power to enjoin state court actions, even though for various political reasons, *Younger v. Harris* is the case most often cited, even though it was the only one of the three cases in which a Federal Judicial Injunction against state court action was actually denied. What these cases make very clear is that the U.S. Court's decision to intervene or not is heavily dependent upon the Defendant's allegation and proof of the facts sufficient to show that the parties prosecuting her (in this case) have such an unfair advantage in state court that Defendant has no chance to present legal defenses or seek to unravel the improper chain of title which underlies the Plaintiff's claims in this case.

29. The state courts allow hearing to take place without a court reporter, without the plaintiff testifying before the court when challenged.

30. The state courts allow hearings to proceed without establishing the Plaintiff's capacity to bring the matter before the court.

31. The state courts proceed without a verified complaint by a someone with personal knowledge of the matter.

32. The state court deprive the Defendant of his rights to confront their accuser who never appears before the court.

33. At the very least, this Court should allow Defendant a full-blown evidentiary hearing on the existence of "special circumstances" and extraordinary factors held in *Dombrowski v. Pfister* (as affirmed n both *Younger v. Harris and Mitchum v. Foster*) prior to considering entry of any order of remand.

34. By choosing the summary unlawful detainer proceeding, a landlord is held to strict compliance with the applicable statutory requirements for such a proceeding. *Berry v Society of Saint Pius X, supra,* 69 CA4th at 363.

35. Defendant, also alleges that He is being denied and cannot enforce his rights of equal protection of the discriminatory laws of the State of California, which facially and as applied by the California Superior Courts of Limited Jurisdiction has now file this notice of removal pursuant to 28 U.S.C. §§1332, 1441, 1443 and 1446 alleging as follows:

36. Defendant alleges that THE EVICTION CENTER or side stepping the COVID-19 PANDEMIC LAW GOVERNING EVICTIONS.

## CIVIL RIGHTS REMOVALS & CIVIL RIGHTS INJUNCTIONS

37. Civil Rights Removal under 28 U.S.C. §§1443 & 1447(d) and Civil Rights Injunctions under 42 U.S.C. §§1983 & 1988 may be closely related as exceptions to the "Anti-Injunction Act" 28 U.S.C. §2283 as follows:

38. Defendant Thomas A. Jenkins urges this Court to consider a comprehensive re-evaluation of the Civil Rights Injunction doctrine in *Dombrowski v. Pfister*, *Younger v. Harris*, and *Mitchum v. Foster*, alongside the Civil Rights Removal doctrine articulated in *Greenwood v. Peacock* and *Rachel v. Georgia*, because, in essence, statutory removals are treated as stays (injunctions) of state court proceedings under the anti-injunction act, 28 U.S.C. §2283, and a comprehensive and color-blind State-to-Federal Civil Rights jurisprudence has yet to be

developed, but such a constitutional jurisprudence is clearly necessary in light of the recent history of the United States.

39. The requirements of 28 U.S.C. §1332, 1441,1446 and 42 USC 1981, 1982 and 1983 for removal have all been met and this Court should take note and sustain this Notice of Removal on grounds of civil rights violations.

40. 28 U.S.C. §1443(1) is designed to permit removal by disadvantaged defendants from those in power who would oppress them for membership in or adherence to beliefs making them part of a "discrete insular, politically powerless minority". Defendant perspective of the state judicial and general legal environment created by a state legislatures is, uniquely empowered and by this statute protected as an avenue by which to assert and actually "defend" Constitutional rights which are systematically trampled in state courts, such as but not limited to the California Superior Courts of Limited Jurisdiction in the trial of unlawful detainer cases following an alleged non-judicial foreclosures.

41. **Unlike the Defendant in** *Neal v. Wilson*, Defendant Thomas A. Jenkins can and will at trial "show that Plaintiff used the state statutes preventing him from raising his federal claims in state court, [and] further [he] has shown the basis for an "equally firm prediction" that he will be unable to protect h[is] federal rights in state court." 112 F.3d at 855.

WHEREFORE AND ACCORDINGLY, Defendant Thomas A. Jenkins hereby files this Notice of Removal pursuant to 28 USC § 1331 AND 15 U.S.C. 1692k(d); 28 U.S.C. §§1443(1) and 1447(b). Congress in the Civil Rights Act of 1964 expressly authorized such renewed notices of removal authorized by Congress under 28 U.S.C.§1447(d) which states that:

> **(d)** An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section **1443** of this title shall be reviewable by appeal or otherwise.

For all the above-and-foregoing reasons, removal of this action from Superior Court in and for SAN BERNARDINO County, California, to the United States District Court for the Eastern District of California, (SAN BERNARDINO County) Division, is proper pursuant to all relevant statutes and law.

Dated June 16, 2023

By _____

Thomas J. Jenkins , *In propia persona*

## CERTIFICATE OF FILING AND SERVICE

**I the undersigned Defendant do hereby certify that I filed an original signed copy of the above-and-foregoing Notice of Civil Rights Removal with the SAN BERNARDINO Superior Court Clerk for the State of California and simultaneously served a true and correct copy of the same on each of the following known parties to the above entitled and numbered cause as follows:**

**Clerk of Court
Superior Court of SAN BERNARDINO County
17780 Arrow Blvd.
Fontana, CA 92335**

**And**

RYAN STRILAEFF, DYONNE STRILAEFF
C/O THE EVICTION CENTER
1001 E. MORTON PLACE, STE. C
HEMET, CA 92543

Respectfully Signed and Submitted,

Dated: June 16, 2023

By: _____

Thomas J. Jenkins *Inpropia persona*

NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT

# EXHIBIT 1

## PLAINTIFF'S UNLAWFUL DETAINER

APR/12/2023/WED 04:44 PM          FAX No.                    P. 003/021

**UD-100**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY          STATE BAR NUMBER: <br> NAME: RYAN STRILAEFF, DYONNE STRILAEFF <br> FIRM NAME: C/O THE EVICTION CENTER <br> STREET ADDRESS: 1001 E. MORTON PLACE, SUITE C <br> CITY: HEMET                    STATE: CA  ZIP CODE: 92543 <br> TELEPHONE NO.: (951) 929-3219    FAX NO.: (951) 929-4019 <br> EMAIL ADDRESS: <br> ATTORNEY FOR (name): IN PRO PER | FOR COURT USE ONLY <br><br> F I L E D <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF SAN BERNARDINO <br> FONTANA DISTRICT <br><br> APR 12 2023 <br><br> Juan Gonzalez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 17780 ARROW BLVD.
MAILING ADDRESS: 17780 ARROW BLVD.
CITY AND ZIP CODE: FONTANA, CA 92335
BRANCH NAME: CIVIL DIVISION

PLAINTIFF: RYAN STRILAEFF, DYONNE STRILAEFF
DEFENDANT: THOMAS A. JENKINS, CAROLE JENKINS, THOMAS J. JENKINS
[X] DOES 1 TO 10 INCLUSIVE

| COMPLAINT - UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [X] COMPLAINT    [ ] AMENDED COMPLAINT (Amendment Number): | LLTVA 2301999 |

Jurisdiction (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
Amount demanded   [X] does not exceed $10,000.
                  [ ] exceeds $10,000 but does not exceed $25,000.

**CASE ASSIGNED TO:**
Stephanie Thornton-Harris

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
   [ ] from unlawful detainer to general unlimited civil (possession not in issue).      [ ] from limited to unlimited.
   [ ] from unlawful detainer to general limited civil (possession not in issue).        [ ] from unlimited to limited.

1. PLAINTIFF (name each):
   RYAN STRILAEFF, DYONNE STRILAEFF

   alleges causes of action against DEFENDANT (name each):
   THOMAS A. JENKINS, CAROLE JENKINS, THOMAS J. JENKINS

2. a. Plaintiff is   (1) [X] an individual over the age of 18 years.   (4) [ ] a partnership.
                     (2) [ ] a public agency.                          (5) [ ] a corporation.
                     (3) [ ] other (specify):

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   11429 VIA RIO
   LOMA LINDA CA 92354
   (SAN BERNARDINO COUNTY)

   b. The premises in 3a are (check one)
      (1) [X] within the city limits of (name of city): LOMA LINDA
      (2) [ ] within the unincorporated area of (name of county):

   c. The premises in 3a were constructed in (approximate year):   UNKNOWN

4. Plaintiff's interest in the premises is   [X] as owner   [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]

**COMPLAINT - UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courts.ca.gov

CEB | Essential
ceb.com | Forms

APR/12/2023/WED 04:44 PM        FAX No.                                P. 004/021

UD-100

| PLAINTIFF: RYAN STRILAEFF, DYONNE STRILAEFF<br>DEFENDANT: THOMAS A. JENKINS, CAROLE JENKINS, THOMAS J. JENKINS | CASE NUMBER: |
|---|---|

6. a. On or about *(date):* 6/15/2021
   *defendant (name each):*
   THOMAS A. JENKINS, CAROLE JENKINS, THOMAS J. JENKINS

   (1) agreed to rent the premises as a  ☒ month-to-month tenancy   ☐ other tenancy *(specify):*
   (2) agreed to pay rent of $  2,500.00 payable ☒ monthly ☐ other *(specify frequency):*
   (3) agreed to pay rent on the ☒ first of the month ☐ other day *(specify):*
   b. This ☒ written  ☐ oral  agreement was made with
   (1) ☒ plaintiff.           (3) ☐ plaintiff's predecessor in interest.
   (2) ☐ plaintiff's agent.   (4) ☐ Other *(specify):*
   c. ☒ The defendants not named in Item 6a are
   (1) ☒ subtenants.
   (2) ☒ assignees.
   (3) ☒ Other *(specify):* INVITEES & UNAUTHORIZED OCCUPANTS
   d. ☐ The agreement was later changed as follows *(specify):*

   e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached
      and labeled Exhibit 1. *(Required for residential property, unless Item 6f is checked. See Code Civ. Proc., § 1166.)*
   f. ☒ *(For residential property)* A copy of the written agreement is not attached because *(specify reason):*
   (1) ☒ *the written agreement is not in the possession of the landlord or the landlord's employees or agents.*
   (2) ☐ *this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).*

7. The tenancy described in 6 *(complete (a) or (b))*

   a. ☒ is not subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy
      is exempt is *(specify):* CC1947.12(D)(5)&CC1946.2(E)(8)        .
   b. ☐ is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*

   a. ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).

   b. ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*

   (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under
         section 1946.2(d)(2), in the amount of $
   (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $
         to *(name each defendant and amount given to each):*

   c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. ☒ Defendant *(name each):* THOMAS A. JENKINS, CAROLE JENKINS, THOMAS J. JENKINS

   was served the following notice on the same date and in the same manner:

   (1) ☐ 3-day notice to pay rent or quit      (5) ☐ 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                      *(not applicable if item 7b checked)*
   (3) ☐ 60-day notice to quit                  (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
   (4) ☐ 3-day notice to quit                       Prior required notice to perform covenants served *(date):*
                                                (7) ☒ Other *(specify):* NOTICE OF NON-RENEWAL OF LEASE

CEB Essential Forms
ceb.com

APR/12/2023/WED 04:45 PM          FAX No.                    P. 005/021

UD-100

| PLAINTIFF: RYAN STRILAEFF, DYONNE STRILAEFF | CASE NUMBER: |
|---|---|
| DEFENDANT: THOMAS A. JENKINS, CAROLE JENKINS, THOMAS J. JENKINS | |

9. b. (1) On *(date)*: 2/28/2023          the period stated in the notice checked in 9a expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. ☒ The notice included an election of forfeiture.
  e. ☒ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
  f. ☐ One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. ☒ The notice in item 9a was served on the defendant named in item 9a as follows:
    (1) ☐ By personally handing a copy to defendant on *(date)*:
    (2) ☐ By leaving a copy with *(name or description)*:
      a person of suitable age and discretion, on *(date)*:          at defendant's
      ☐ residence  ☐ business  AND mailing a copy to defendant at defendant's place of residence
      on *(date)*:          because defendant cannot be found at defendant's residence or usual place of business.
    (3) ☐ by posting a copy on the premises on *(date)*:
      ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
      on *(date)*:
      (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
      (b) ☐ because no person of suitable age or discretion can be found there.
    (4) ☒ *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date)*: 1/25/2023
    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
  b. ☐ *(Name)*:
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐ *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.*
  d. ☒ *Proof of service of the notice in item 9a is attached and labeled Exhibit 3.*

11. ☐ *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

12. ☐ *At the time the 3-day notice to pay rent or quit was served, the amount of* **rent due** *was $*

13. ☒ *The fair rental value of the premises is $* 82.19 *per day.*

14. ☐ *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15. ☐ *A written agreement between the parties provides for attorney fees.*

16. ☐ *Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):*



    Plaintiff has met all applicable requirements of the ordinances.

17. ☐ *Other allegations are stated in Attachment 17.*

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

CEB® Essential Forms
ceb.com

APR/12/2023/WED 04:45 PM                FAX No.                              P. 006/021

UD-100

| PLAINTIFF: RYAN STRILAEFF, DYONNE STRILAEFF | CASE NUMBER: |
| DEFENDANT: THOMAS A. JENKINS, CAROLE JENKINS, THOMAS J. JENKINS | |

**19. PLAINTIFF REQUESTS**

a. possession of the premises.
b. costs incurred in this proceeding:
c. ☐ past-due rent of $
d. ☐ reasonable attorney fees.
e. ☒ forfeiture of the agreement.

f. ☐ damages in the amount of waived rent or relocation assistance as stated in Item 8: $
g. ☒ damages at the rate stated in item 13 from *(date)*: 3/1/2023 for each day that defendants remain in possession through entry of judgment.
h. ☐ statutory damages up to $600 for the conduct alleged in item 14.
i. ☒ other *(specify)*: ALL COSTS AND FEES INCURRED IN THIS ACTION DEEMED JUST AND PROPER BY THE COURT.

20. ☒ Number of pages attached *(specify)*: 2

**UNLAWFUL DETAINER ASSISTANT**  (Bus. & Prof. Code, §§ 6400-6415)

21. ☒ *(Complete in all cases.)* An unlawful detainer assistant ☐ did not ☒ did for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*

a. Assistant's name: THE EVICTION CENTER
b. Street address, city, and zip code:
1001 E. MORTON PL., STE. C
HEMET, CA. 92543

c. Telephone no.: 951-929-3219
d. County of registration: RIVERSIDE
e. Registration no.: 6
f. Expires on *(date)*: 8/15/2023

Date: 3/7/2023

RYAN STRILAEFF, DYONNE STRILAEFF          ▶ *Ryan Strilaeff  Dyonne Strilaeff*
              (TYPE OR PRINT NAME)                                        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3/7/2023

SEE ATTACHED                          ▶ _____
              (TYPE OR PRINT NAME)                                        (SIGNATURE OF PLAINTIFF)

CEB® | Essential Forms
ceb.com

APR/12/2023/WED 04:45 PM                          FAX No.                              P. 007/021

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _San Bernardino_

I have read the foregoing COMPLAINT—UNLAWFUL DETAINER -PLAINTIFFS MANDATORY COVER SHEET

_____ and know its contents.

### [X] CHECK APPLICABLE PARAGRAPHS

[X]    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]    I am [ ] an Officer [ ] a partner _____ [ ] a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason [ ]    I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [ ]    The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]    I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ___3/7/2023___ , at _HEMET_ _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

x **Dyonne Strilaeff**                              X _____
_Type or Print Name_                                        _Signature_

## PROOF OF SERVICE
1013a (3) CCP Revised 6/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____

_____ on _____ in this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] BY MAIL

    [ ] *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

    [ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

[ ] (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                    _____
_Type or Print Name_                                        _Signature_

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus                                        Rev. 7/99

logitech

## Notice to Tenant to Vacate upon Expiration of Lease

Address: TJJ Service Trust

   3870 La Sierra Ave. Ste 376

   La Sierra, CA 92505

   United States

Phone:   1-619-548-6834

Email:   TomAJenkins@yahoo.com

Date: 1/25/2023

To: Tom and Carole Jenkins of the premises located at 11429 Via Rio, Loma Linda, CA, 92354.

Dear Tenant:

As you are aware, your lease is due to terminate on February 28, 2023.

After careful consideration the landlord has decided not to renew your lease. Although no advance notice is legally required to be provided to you prior to expiration of a lease, this notice is being provided as a courtesy. (CCP § 1161(1); Lee Chuck v Quan Wo Chong & Co. (1892); Ryland v Appelbaum (1924)).

On the lease termination date, the landlord requests that you vacate the premises. At that time please return all keys and all remote controls. The landlord will NOT accept rent for any period beyond expiration of the lease. However, you are required to pay the rent for the month of February, please pay $2,500 on February 1, 2023.

Sincerely,

[Signature of landlord]                        Date:   1/25/2023

[Signature of landlord]                        Date:   1/25/2023

1

APR/12/2023/WED 04:46 PM          FAX No.                    P. 009/021



**UNITED STATES POSTAL SERVICE.**

BRUSH PRAIRIE
12012 NE 150TH CIR
BRUSH PRAIRIE, WA 98606-9597
(800)275-8777

01/25/2023                                12:53 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| US Flag #10 Env | 1 | $0.80 | $0.80 |
| First-Class Mail® Letter | 1 | | $0.63 |

Riverside, CA 92505
Weight: 0 lb 0.30 oz
Estimated Delivery Date
Mon 01/30/2023

| | | | |
|---|---|---|---|
| Certified Mail® | | | $4.15 |

Tracking #:
70221670000090881658

| Affixed Postage | | | -$0.63 |
|---|---|---|---|

Affixed Amount: $0.63

| Total | | | $4.15 |
|---|---|---|---|

Grand Total:                              $4.95

Credit Card Remit                         $4.95
   Card Name: VISA
   Account #: XXXXXXXXXXXX3920
   Approval #: 005250
   Transaction #: 400
   AID: A0000000031010   Contactless
   AL

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.



or call 1-800-410-7420.

UFN: 540938-0396
Receipt #: 640-59700374-2-3264479-1
Clerk: 55



APR/12/2023/WED 04:49 PM              FAX No.                          P. 020/021

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM     CP10.5
IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR (Name): | | |

NAME OF COURT: FONTANA SUPERIOR COURT
STREET ADDRESS: 17780 ARROW BLVD.
MAILING ADDRESS: 17780 ARROW BLVD.
CITY AND ZIP CODE: FONTANA, CA 92335
BRANCH NAME: CIVIL DIVISION
Plaintiff: RYAN STRILAEFF, DYONNE STRILAEFF
Defendant: THOMAS A. JENKINS, CAROLE JENKINS, THOMAS J. JENKINS

| PREJUDGMENT CLAIM OF RIGHT TO POSSESSION | CASE NUMBER: |
|---|---|
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | (To be completed by the process server)<br>DATE OF SERVICE:<br>(Date that form is served or delivered, posted, and mailed by the officer or process server) |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is (specify):

2. I reside at (street address, unit no., city and ZIP code):
   11429 VIA RIO
   LOMA LINDA CA 92354

3. The address of "the premises" subject to this claim is (address):
   11429 VIA RIO
   LOMA LINDA CA 92354

4. On (insert date):                                    , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. (This date is in the accompanying Summons and Complaint.)

5. I occupied the premises on the date the complaint was filed (the date in item 4). I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed (the date in item 4).

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed (the date in item 4).

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. (Filing fee) I understand that I must go to the court and pay a filing fee of  $                    or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 [Rev. June 16, 2015]                    **PREJUDGMENT CLAIM OF RIGHT**              Code of Civil Procedure, §§ 415.46,
                                                        **TO POSSESSION**                    715.010, 715.020, 1174.25

CEB® Essential
ceb.com Forms®

APR/12/2023/WED 04:50 PM                    FAX No.                    P. 021/021

CP10.5

| Plaintiff: | RYAN STRILAEFF, DYONNE STRILAEFF | CASE NUMBER: |
|---|---|---|
| Defendant: | THOMAS A. JENKINS, CAROLE JENKINS, THOMAS J. JENKINS | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE:** If you fail to file this claim, you will be evicted without further hearing.

13. **Rental agreement.** I have *(check all that apply to you)*:
a. ☐ an oral or written rental agreement with the landlord.
b. ☐ an oral or written rental agreement with a person other than the landlord.
c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.
d. ☐ other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING:** Perjury is a felony punishable by imprisonment in the state prison.

Date:

_____        ▶        _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

**- NOTICE TO OCCUPANTS -**

**YOU MUST ACT AT ONCE** if all the following are true:
1. You are **NOT** named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

CP10.5 [Rev. June 18, 2015]                    **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**                    Page two

CEB® Essential
ceb.com JⓍForms™

# EXHIBIT 2

## DEFENDANTS' DEMURRER

*Copy*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
FONTANA DISTRICT

JUN 0 6 2023

BY _Jacqueline Ramirez_
JACQUELINE RAMIREZ, DEPUTY

1
2
Thomas A. Jenkins, Carole Jenkins,
Thomas J. Jenkins
11429 Via Rio
3
Loma Linda, CA 92354
By Special Appearance
4
Defendants
5

6        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
         **FOR THE COUNTY OF SAN BERNARDINO**
7

8   **RYAN STRILAEFF, DYONNE**        )   Case No.: **LLTVA 2301999**
    **STRILAEFF,**                     )
9                                      )
            **Plaintiff,**             )   **NOTICE AND MOTION TO DEMURRER**
10                                     )   **PLAINTIFF'S THIRD AMENDED**
                                       )   **COMPLAINT; MEMORANDUM OF**
11      **vs.**                        )   **POINTS AND AUTHORITIES;**
                                       )   **DECLARATION OF THOMAS A.**
12  **Thomas A. Jenkins, Carole Jenkins,** )  **JENKINS, CAROLE JENKINS, THOMAS**
    **Thomas J. Jenkins, Does 1 to 10,** )   **J. JENKINS**
13                                     )
            **Defendants.**            
14                                         Date: July 7, 2023
                                           Time: 8 Am
15                                         Dept.: F8
16  _____

17  **TO PLAINTIFF AND THE ATTORNEY OF RECORD:**

18

19

20

21      PLEASE TAKE NOTICE that on July 7, 2023 at _8_ a.m. or as soon thereafter as the

22  matter may be heard in Dept. _F8_ of this Court located at 17780 Arrow Blvd., Fontana, CA

23  92335. Defendant will move and hereby does Demurrer Plaintiff's Complaint, pursuant to Code

24  of Civil Procedure (CCP) §§ 430.10 and 446, on the grounds that it fails to state a cause of action

25  in this unlawful detainer action, the complaint was not properly served. This Demurrer is based

26  on this Notice and Motion, the attached Memorandum of Points and Authorities and Declaration

27  of Thomas A. Jenkins, Carole Jenkins, Thomas J. Jenkins on such matters as the court must take

28

judicial notice, on the papers and pleadings on file in this action and on such argument as may be advanced at hearing on this matter.

Dated this 5th. day of June, 2023

By: _____

Thomas A. Jenkins / Defendant, *In Pro Per*

By: _____

Carole Jenkins / Defendant, *In Pro Per*

By: _____

Thomas J. Jenkins / Defendant, *In Pro Per*

## MEMORANDUM OF POINTS AND AUTHORITY

## I.  DEMURRER IS PROPER IN THIS CASE BECAUSE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION

Here, Plaintiff brings a Complaint for unlawful detainer and possession that contains no good cause for the eviction or any grounds.   Plaintiff fails to plead the essential elements of this claim and fails to state any claim for relief against defendant.  Plaintiff's allegations are textbook examples of boilerplate pleadings replete with verbatim quotes from other pleadings, but lacking allegations specific to Plaintiff's situation.  As Plaintiff fails to plead  claim sufficiently and fails to state a valid claim for relief, Defendant respectfully requests that the Demurrer be sustained and Plaintiff's meritless complaint be dismissed.

## II.  THE COURT SHOULD SUSTAIN THE GENERAL DEMURRER TO THE COMPLAINT BECAUSE THE COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION

This Demurrer is brought pursuant to California Code of Civil Procedure §430.10 et. seq. which states the following in relevant part:

**§430.10.**  The party against whom a Complaint or cross-Complaint has been filed may object, by demurrer or answer as provided in Section **430.30**, to the pleading on any one or more of the following grounds:

a.  Plaintiff's complaint for unlawful detainer fails to state facts sufficient to constitute a cause of action.
b.  The complaint lacks any factual evidence, lacks foundation, hearsay, assumes facts not in evidence.
c.  The proof of service attached to the complaint is false there was no attempt at service.  Defendants are home most of the day.
d.  The pleading is uncertain.  As used in this subdivision, "uncertain" includes ambiguous and unintelligible.
e.  There is not one shred of supporting evidence to support plaintiff's allegation.
f.  Plaintiff failed to provide any evidence of a contract that would compel performance for the amount alleged.
g.  Plaintiff failed to provide any agreement/lease contract.

California Evidence Code Section §500

     500. Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting.

     Plaintiff has not met their burden of proof of any of the allegation stated in the complaint.

     **§430.30.** (a) When any ground for objection to a Complaint, cross-Complaint, or answer appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a Demurrer to the pleading.

     (b) When any ground for objection to a Complaint or cross-Complaint does not appear on the face of the pleading, the objection may be taken by answer.

     (c) A party objecting to a Complaint or cross-Complaint may demur and answer at the same time.

     **§430.50.** (a) A Demurrer to a Complaint or cross-Complaint may be taken to the whole Complaint or cross-Complaint or to any of the causes of action stated therein.(b) A demurrer to an answer may be taken to the whole answer or to any one or more of the several defenses set up in the answer.

When any ground for objection to a Complaint appears on the face thereof, the objection on that ground may be taken by a demurrer to the pleading. *See* Code Civ. Proc. §430.30(a).

The party against whom a Complaint has been filed may object, by Demurrer to the pleading, on the ground that the pleading does not state facts sufficient to constitute a cause of action. *See* Code Civ. Proc. §430.10(e).

In order to be sufficient, a Complaint must contain a statement of facts by a Real Party In Interest with firsthand knowledge, without the aid of other conjectured facts not stated, shows a complete cause of action. *See **Going v. Dinwiddie*** (1890) 86 Cal. 633, 637; *See **Garcia v. Superior Court*** (1990) 50 Cal. 3d 728, 737.

### III. ESSENTIAL FACTS HAVE NOT BEEN ALLEGED

The Complaint "provides no factual evidence to support its "conclusions of facts." In ruling on a Demurrer: The Court does not; assume the truth of contentions, deductions, or conclusions

of fact or law set out in any complaint (***Daar v. Yellow Cab Co.,*** (1967) 67 Cal.2d 695, 713, 63 Cal. Rptr. 724, 433 P.2d 732.) (Emphasis added.)

The purpose of a Demurrer is to test the legal sufficiency of the complaint; therefore, an appellate court employs two separate standards of review on appeal. [Citations.] First, the complaint is reviewed de novo to determine whether it contains sufficient facts to state a cause of action. [Citation.] In doing so, the court will accept as true the properly pleaded material factual allegations of the complaint, (***Hernandez v. City of Pomona*** (1996) 49 Cal. App.4th 1492, 1497.) (Emphasis added.) In ***Kennethy v. Lockheed Missiles & Space Co.,*** (1979) 88 Cal. App.3d 531, Division, the First District Court of Appeal stated: "Plaintiff's complaint is also uncertain."

A party may also challenge a pleading as legally uncertain where, as here, the pleading is ambiguous or unintelligible. Code of Civil Procedure Section 430.10(f). The sole issue raised by a general demurrer is whether the facts pleaded state a valid cause of action. Kerivan v. Title Ins. & Trust Co147 Cal. App. 3d 225, 229 (1983). For purposes of ruling on the demurrer, the court "assume[s] the truth of all material facts properly pleaded in the complaint, but no such credit is given to pleaded contentions or legal conclusions." Financial Corp. of America v. Wilburn, 189 Cal. App. 3d 764, 768-69 (1987). Accordingly, "[contentions, deductions or conclusions of fact or law alleged in the complaint are not considered in judging its sufficiency" against a demurrer, C&H Foods Co. v. Hartford, 163 Cal. App. 3d 1055, 1062 (1984), and must be disregarded. See Cantu v. Resolution Trust Corp. 4 Cal App. 4th 857, 881 (1992). Moreover, general pleadings are controlled by specific allegations. See e.g. Iverson Yoakum, Papiano & Hatch v. Berwald, 76 Cal. App. 4th 990, 995 (1999) (denying motion for reconsideration on demurrer). Plaintiffs Complaint fails to plead any specific facts against Defendant.

In *California Golf*, the court noted that ―California courts have repeatedly allowed parties to pursue additional remedies for misconduct arising out of a non-judicial foreclosure sale when not inconsistent with the policies behind the statutes.‖ (*Id. at p. 1070.*)

Here Plaintiff has failed to provide any facts or evidence to state a cause of action.

The Summons and Complaint is allegedly verified by Claudia Ortega and Barbara Craig who has not placed any evidence on record to support their hearsay allegation.

The Complaint is being opposed and objected to being used as evidence.

Wherefore Defendant objects to the complaint being entered into evidence in its entirety under California Evidence Code 1401(a)(b).

The Complaint is boiler plate assumptions and conclusions with no facts to support their allegation.

A Demurrer questions the legal sufficiency of the face of the Complaint. Plaintiff's claims should be dismissed when it clearly appears that no set of facts can be proved which will entitle them to recover. (*Quake Construction Inc. v. American Airlines, Inc.*, 152 Ill. Dec. 308, 31-2 (Ill. S. Ct. 1990).

A man or women must appear before the court, testify under oath and penalty of perjury that they have read the complaint and have firsthand personal knowledge of the matter contained in the complaint. Until then the complaint remains hearsay, lacking foundation, lacking authentication, lacking personal knowledge of the matter stated therein pursuant to the Cal. Evid. Code 1401(a)(b) is being objected to being used or entered into evidence.

Defendant moves the court to strike it from the record.

## V.    CONCLUSION

Plaintiff's Complaint is fatally defective because it fails to state a cause of action and it is so ambiguous and unintelligible as to be uncertain as what the facts really are.

Plaintiff's service on Defendants is defective on its face and there is no proof of anyone giving service.

Defendant, therefore, moves and respectfully request that this Demurrer be sustained without leave to amend and that the Plaintiff take nothing for its Complaint, and for such further relief as the Court considers proper.

Dated this 5th. day of June, 2023

By: _____

Thomas A. Jenkins / Defendant, *In Pro Per*

By: _____

Thomas J. Jenkins / Defendant, *In Pro Per*

By: _____

Carole Jenkins / Defendant, *In Pro Per*

Notice and motion to Demurrer Complaint

- 6-

## DECLARATION OF  THOMAS A. JENKINS, CAROLE JENKINS, THOMAS J. JENKINS;

I, Thomas A. Jenkins, Carole Jenkins, and Thomas J. Jenkins, declare and state the following:

1.  We are the Defendants in the above-captioned action and live in California.

2.  We have personal knowledge of the matters stated in this Declaration, and if called as a witness, could and would testify competently as to those matters; and as to those matters stated on our own personal knowledge to be true.

3.  We make this Declaration in support of our Demurrer to Plaintiff's complaint for lack of a cause of action.

4.  Plaintiffs are trying to unlawfully evict Defendants violating their constitutional rights to peaceful possession from their home, without just cause.

5.  We have read the Plaintiff's Complaint and it fails to have any supporting evidence to support its allegations.

6.  As stated in the Demurrer, Plaintiff fails to meet its burden of proof of unlawful possession.

7.  Plaintiff also states the fair rental value of the premises is $82.19 per day without any supporting evidence.

8.  Pursuant to CCP §430.30(a)(b)(c)(d)(e)f) a Demurrer is an objection raised to attack a complaint.

9.  Defendant may move for a Demurrer on the grounds that the complaint fails to state a legally cognizable cause of action against them. (Code Civ. Proc.§4389(c)(1)(B)(ii); (*IMO Development Corp. v. Dow Corning Corp.* (1982) 135 Cal. App. 3d 451, 185 Cal. Rptr. 341);

IV. ( *Pierson v. Sharp Memorial Hospital, Inc* (1989) 216 Cal. App.3d 340, 264 Cal. Rptr. 673)

We declare under the laws of this state and under the penalty of perjury that the foregoing is true and correct.

Dated this 5th. day of June, 2023

By: _____

Thomas A. Jenkins / Defendant, *In Pro Per*

By: _____

Thomas J. Jenkins / Defendant, *In Pro Per*

By: _____

Carole Jenkins / Defendant, *In Pro Per*

**PROOF OF SERVICE**

I, ___Adam Figg___, am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my

business/residence address is: 30141 Antelope Road Ste d136, Menifee, California 92584.

On this 6th. day of June, 2023, I served the foregoing document(s) described as:

**DEFENDANTS' NOTICE of MOTION TO DEMURER PLAINTIFF'S**

**COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND**

**DELCARATION OF THOMAS A. JENKINS, CAROLE JENKINS, THOMAS J.**

**JENKINS.**

The following party was served:

Ryan Strilaeff, Dyonne Strilaeff
C/O THE EVICTION CENTER
1001 E. Morton Place Suite C
Hemet, CA 92543
(951) 929-3219

On the date below, I served the above documents by placing same in a postpaid envelope

properly addressed to Recipient at the said address and depositing same at an official

depository under the exclusive face and custody of the U.S. Postal Service within the State

of California.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

DATED: June 6 2023          By: _Adm Figg_____

                             Name: Adam Figg